ELLIS VS UNITED STATES.

Opinion delivered November 24, 1906.

97 S. W. Rep. 1013.

1. *Criminal Law—Continuance—Surprise at Trial.*
    The matter of the conduct of the trial is in the hands of the court,

and when defendant had notice of the claim of the government in time to secure evidence to rebut witness' statement if he could, *Held*, It was not error to refuse to grant a continuance at the request of defendant on the grounds of surprise.

2. *Criminal Law—Argument of the District Attorney.*

It is not error for the district attorney to express in dignified language, in his closing argument to the jury, that the defendant deserved to be severely punished.

3. *Criminal Law—Instructions to Jury—Evidence—Liquor in Possession.*

The fact that the defendant is in possession of liquor within Indian Territory is not prima facie evidence that he introduced it, but is merely a presumption and it is error to so instruct the jury.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice C. W. Raymond, February 4, 1905.

L. L. Ellis was convicted of the crime of introducing liquor, and sentenced to imprisonment in jail for a period of 90 days and fined $250, and appeals. Reversed and remanded.

*W. J. Crump*, for appellant.

*W. M. Mellette*, U. S. Atty.

GILL, J. Appellant files the following assignments of error: "(1) The verdict of the jury is contrary to law. (2) The verdict of the jury is contrary to the evidence. (3) The verdict of the jury is contrary to the law and the evidence. (4) The court erred in instructing the jury as follows: 'And you are instructed that the possession of whisky in the Indian Territory is prima facie evidence of the introduction of that whisky in the Indian Territory from without the Indian Territory by the party in whose possession it was found.' (5) The court erred in refusing to give the following instruction asked

by defendant: 'You are instructed that if the defendant was found in possession of intoxicating liquor in the Indian Territory this raises no presumption of law that he introduced said liquor from without the limits of said Indian Territory to within the Western district of the Indian Territory, but is a fact which the jury had a right to take into consideration in determining the guilt or innocence of the defendant in connection with all the other facts and circumstances proven in the case.' (6) The court erred in overruling defendant's objection to the following language used by the District Attorney while addressing the jury in his closing argument: 'This man ought to be severely punished. He has served one term in the penitentiary, and would not care anything about a jail sentence, and he should be convicted and severely punished.' (7) The court erred in refusing to postpone the trial to give the defendant an opportunity to procure the attendance of witnesses to rebut the testimony given by the witness Ledbetter, on the part of the United States, to the effect that the defendant was at Wybark the day before he was arrested. (8) The court erred in pronouncing judgment and sentence against the defendant."

Appellant waives discussion of the errors complained of in the first, second, and third assignments of error. We will first consider the seventh assignment of error. The evidence was to the effect that the defendant was found in possession of 41 pints of whisky in the city of Muskogee, I. T., and the day before that, J. F. Ledbetter saw the defendant and what he thought was the same liquor at the town of Wybark. Appellant claimed that he was surprised by the testimony of the witness that he was at Wybark on the day previous to his arrest, and desired that the cause might be continued until he could secure testimony to rebut this, and show that he was not at Wybark on that day. The court refused to permit him to delay the trial to secure such evidence and this action of the

court constitutes the claim of error in the seventh assignment. The matter of the conduct of the trial was in the hands of the court, and the defendant had notice of the claim of the government in time to secure evidence to rebut the witness' statement if he could, and it was not error on the part of the court to refuse to continue the cause or delay the trial at the request of the defendant, as was done.

In the sixth assignment of error the claim is made that the court erred in overruling defendant's objection to the following language used by the District Attorney while addressing the jury in his closing argument: "This man ought to be severely punished." We do not think that the court erred in this matter. The opinion of the District Attorney that the defendant deserved to be severely punished, or of the kind of punishment the defendant would care for, is not error where it is expressed in dignified language. That the opinion of the District Attorney did not influence the jury is shown to the contrary by the verdict convicting him of a jail sentence and fine.

Complaint is made in the fourth assignment of error that the court erred in instructing the jury as follows: "And you are instructed that the possession of whisky in Indian Territory is prima facie evidence of the introduction of that whisky into Indian Territory from without Indian Territory by the party in whose possession it was found." This instruction seems to have been without qualification, and we are of opinion that there is error on the instruction. The court herein says that having possession of whisky in Indian Territory is prima facie evidence of guilt. The fact that a man is in possession of liquor is not prima facie evidence that he introduced it, but is merely a presumption. This presumption may be overcome, or a reasonable doubt may be raised in the minds

of the jury by evidence as to whether the defendant introduced the liquor. The court's instruction should have been that if the jury found, beyond a reasonable doubt, that the defendant was in possession of whisky within Indian Territory, that the law presumed him guilty of having introduced it, unless, by a reasonable, truthful explanation, defendant could show the jury that he had obtained it in a lawful manner. And the fact of possession, as well as the fact of explanation, were like other facts in the case, to be considered by the jury in reaching their verdict. We think the instruction of the court was erroneous.

And inasmuch as our reasoning on the fourth assignment covers the necessary reasoning on the fifth assignment, it will be unnecessary to further discuss the fifth assignment of error.

For the reasons foregoing, there was error in pronouncing judgment of sentence against defendant, and the cause is reversed and remanded, with directions to give defendant a new trial in accordance with this opinion.

Reversed and remanded.

CLAYTON, TOWNSEND, and LAWRENCE, JJ., concur.